No. 295

No. 19408—The Sandusky Gas & Electric Co. v. The State of Ohio. Error to the Court of Appeals of Franklin County.

973. PUBLIC UTILITIES—1. "Entire gross receipts" construed to mean all receipts from intrastate business.

2. Where Company purchases gas for resale, excise tax payable on money received then such resale, no deduction being allowed for amount paid for gas.

3. If part of gross receipts were omitted by tax commission, the portion omitted during the preceding five years may be certified to State Auditor for calculation of tax.

1157. TAXATION—Statutes providing for levy and collection of excise tax on public utility companies are constitutional.

MATTHIAS, J.

1. The words "entire gross receipts" as used in Sections 5417, 5474, 5475 and 5483, General Code, providing for the imposition of an excise tax upon public utility companies, means and includes the entire receipts of such company from the intra-state business done by it under the exercise of its corporate powers whether from the operation of the utility itself or from any other business done by it.

2. Where a distributing gas company purchases the gas which it furnishes and delivers to its consumers from a producing company under a contract requiring payment for all gas delivered to its lines through the measuring station of the producing company at a stipulated price per thousand cubic feet, upon statements presented monthly by the producing company to the distributing company, the funds realized from the resale of such gas to its customers by the distributing company belong to it and constitute gross receipts upon which it is required to pay such excise tax without deduction of the amount paid for gas so purchased.

3. Where in finding and certifying to the State Auditor the amount of gross receipts of such distributing company a portion thereof has been omitted by the Tax Commission through the failure of the company to fully disclose new contracts which make a change of relationship between it and a producing company from which it purchases its supply of gas, whereby the amount of gross receipts upon which an excise tax may be properly calculated is increased, and such facts were not known by the Commission when its finding was made and certified, the Commission is authorized, by the provisions of Section 5461, General Code, to certify to the State Auditor the omitted portion of said gross receipts for the period of five years next preceding that in which such inquiries and corrections are made, upon which the tax shall be calculated and collected as therein provided.

4. Neither the statutes providing for the levy and collection of such excise tax nor the order of the Tax Commission herein constitute a violation of any provision of either the Federal or State Constitution.

Judgment affirmed.

Marshall, CJ., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.

---

No. 296

No. 19324—Rose Rosentihl, William G. Rosentihl and Catherine Rosentihl, a minor, by Charles Rosentihl, her next friend v. Frank B. Cherry. Error to the Court of Appeals of Hancock county.

1106. STATUTE OF LIMITATIONS—Decree quieting title will not stop the running of statute.

DAY, J.

Where in an action to quiet title to real estate the same is described in the petition by lot number only, no specific reference being made to an 18-inch strip or land, a part of such lot occupied for twelve years by an adjoining owner, who claims the same as a matter of right up to the line of a "division fence" erected on such lot by plaintiff's predecessor in title, pursuant to the requirements of such predecessor's deed, and such adjoining owner, though made party defendant, filing no answer, a decree in favor of plaintiff is entered by default, quieting the title to the land "as described in the petition", but making no reference to such strip of ground so occupied by such adjoining lot owner, who continues to occupy said strip as before, for an additional period of twelve years, no possession by plaintiff or his successors in title being taken under such decree, and no interference with such adjoining lot owner or her successors in title, or recognition of plaintiff's title in said strip of ground by said adjoining lot owner, or her successor in title, being shown; Held: Such decree quieting title to said lot so described will not stop the running of the statute of limitations in favor of the adjoining lot owner as to the strip of ground so occupied.

Judgment reversed.

Marshall, CJ., Matthias and Allen, JJ., concur.